UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TENSAS PARISH SHERIFF'S OFFICE | * | |
| | * | CIVIL ACTION NO. 16- |
| VERSUS | * | |
| | * | JUDGE: |
| TENSAS PARISH LAW | * | |
| ENFORCEMENT DISTRICT, UMB | * | MAG. JUDGE: |
| BANK, N.A., PIONEER INVESTMENTS, | * | |
| LORNA GLEASON, JONATHAN P. | * | |
| CHIRUNGA, EMERALD | * | |
| CORRECTIONAL MANAGEMENT, | * | |
| LLC, AND WATERPROOF | * | |
| CORRECTIONAL, LLC | * | |
| * * * * * * * * * * * * * * | * | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA:

Defendants (hereinafter collectively "the Removing Defendants")—UMB Bank, N.A., in
its capacity as Trustee of the $8,745,000 Certificates of Participation in the Amended and
Restated Lease Agreement (with option to purchase, as amended, with the Tensas Parish Law
Enforcement District) (hereinafter "UMB" or "Trustee"), Pioneer Investment Management, Inc.
(incorrectly named in the Petition under its tradename "Pioneer Investments") (hereinafter
"Pioneer"), Lorna Gleason, and Jonathan M. Chirunga (incorrectly named in the Petition as
"Jonathan P. Chirunga")—without waiving any defenses or exceptions, hereby remove the action
described below, under 28 U.S.C. § 1441, *et seq.*, from the Sixth Judicial District Court for the
Parish of Tensas in the State of Louisiana.  In support of this Notice of Removal, the Removing
Defendants state as follows:

2694449-1

1. Preliminary Statement

The Tensas Parish Law Enforcement District (the "District") has breached various agreements relating to $8,750,000 in debt issued to fund the correctional facility in Waterproof, LA.  The Trustee of the certificates that evidence the debt has actively engaged in workout negotiations with the Tensas Parish Sheriff, the chief executive officer of the District.  In the middle of the discussions, the Tensas Parish Sheriff's Office (the "Sheriff's Office"), which is not even a juridical entity that can sue or be sued in Louisiana, filed claims against the District, the Trustee, Pioneer (the investment advisor of a holder of the debt), Ms. Gleason (an employee of the Trustee) Mr. Chirunga (an officer of Pioneer), and two other unrelated parties.  The Sheriff's Office filed the lawsuit without notice, despite regular and ongoing communications between the parties during workout negotiations concerning the debt over the previous two years. The Sheriff's Office sought and obtained from the state court in Tensas Parish an *ex parte* temporary restraining order against the Removing Defendants, essentially barring the Trustee from exercising rights under the very agreements breached by the District.

In what can only be characterized as a blatant attempt to destroy diversity jurisdiction, the Sheriff's Office took the novel approach of suing itself.  The Sheriff's Office named as a defendant the District—the entity that the Sheriff runs as its chief executive officer and that is the party to the contracts at issue with the Removing Defendants.  For good measure, the Sheriff also joined as defendants two other Louisiana citizens, Emerald Correctional Management, LLC ("Emerald") and Waterproof Correctional, LLC ("Waterproof"), on wholly unrelated claims. The Sheriff's Office alleges that Emerald and Waterproof are former operators of the correctional facility, who abandoned the facility in 2009, a full five years before the events comprising the Sheriff's alleged claims against the Removing Defendants, and two years before

the date of issuance of the debt underlying this dispute with them.  The claims against Emerald and Waterproof simply have nothing in common with the claims against the Removing Defendants involving different contracts and alleged acts.

The law is clear: a plaintiff cannot improperly join defendants for the purpose of divesting this Court of diversity jurisdiction.  The Sheriff is an elected official and claims to be Tensas Parish's largest employer.  His egregious attempt to draft the petition in a manner that would keep this case in Tensas Parish is the reason why diversity jurisdiction exists.  Removal is appropriate.

## 2.  Petition

On May 4, 2016, the Sheriff's Office filed this action in the Sixth Judicial District Court for the Parish of Tensas, State of Louisiana, Docket No. 23841, entitled *Tensas Parish Sheriff's Office v. Tensas Parish Law Enforcement District, UMB Bank, N.A., Pioneer Investments, Lorna Gleason, Jonathan P. Chirunga, Emerald Correctional Management, LLC, and Waterproof Correctional, LLC.* (*See* Petition for Damages, hereinafter "Petition", attached as **Exhibit "A"**).

The Sheriff's Office asserts that from 2001-2009, the District had a management agreement with defendants Waterproof and Emerald to operate a facility providing housing for state and federal inmates in Tensas Parish ("the facility"). (Petition at ¶ 6).  The Sheriff's Office further alleges that Emerald defaulted on an assumption agreement, whereby Emerald had assumed responsibility for principal and interest due on a note for $300,000 executed by the District on November 16, 2007. (*Id.* at ¶¶ 7-8).  According to the Petition, Waterproof and Emerald abandoned the facility on September 1, 2009, contributed to the financial instability of the District, and forced the District to expend funds that Emerald should have paid and to borrow substantial sums of money to pay Emerald and Waterproof's debts and maintain the facility. (*Id.*

at ¶¶ 9-11).

In wholly separate allegations against the Removing Defendants, the Sheriff's Office asserts that UMB served as Trustee under a Trust Agreement dated September 1, 2011, whereby Municipal Capital Markets Corporation (a non-party) issued Certificates of Participation that evidence debt in the amount of $8,745,000 and are secured by an Assignment of Rents and Leases Agreement executed by the District and Municipal Capital Markets Corporation. (*Id.* at ¶ 13). The proceeds of the debt evidenced by the certificates were used to finance the acquisition, construction, and equipping of the facility. (*Id.* at ¶ 14). Plaintiff alleges that in approximately 2014 the District was "forced" to execute a Deposit Account Control Agreement requiring it to deposit all revenues that it received from the housing of Department of Corrections inmates into an account controlled by the Trustee, who in bad faith has breached that contract by allegedly failing to re-deposit funds into an account that the District uses to pay the facility's payroll and operating expenses. (*Id.* at ¶¶ 15-17).

The Sheriff's Office further alleges that during workout negotiations in 2016, the Trustee, Pioneer, Ms. Gleason, and Mr. Chirunga (whom Plaintiff collectively labels as "the Conspirators") conspired and devised a "fraudulent scheme" to convince the District to sign an agreement proposed on March 18, 2016, in exchange for a promise to reimburse the District for payroll and operating expenses, and they have failed to wire funds. (*Id.* at ¶¶ 19-25). Plaintiff has prayed for injunctive relief and an order decreeing that the Trustee, Pioneer, and Hamlin Investments (a non-party) "are estopped from collecting any outstanding indebtedness that they may be owed" by the Tensas Parish Law Enforcement District. (*Id.* at ¶ 40).

The Petition included a request for a temporary restraining order and for a preliminary injunction prohibiting the Removing Defendants "from seizing, spending, collecting or diverting

any funds generated by the housing of inmates at the Facility owned by the Tensas Parish Sheriff's Office, which are necessary for the maintenance and operation of the Facility. . . ." Plaintiff further sought to prevent the Removing Defendants and the non-party, Hamlin Investments, "from diverting any funds presently in their control that may be necessary to reimburse the Tensas Parish Sheriff's Office for advances it has made to any entity to maintain the operation of the facility over the previous five (5) years." The requested injunction also includes a mandatory provision ordering the Louisiana Department of Corrections, a non-party to this action, to "deliver all funds derived from the housing of their inmates at the facility owned by the Tensas Parish Sheriff's [O]ffice directly to the Tensas Parish Sheriff's Office, unless otherwise specified by this court."

Plaintiff obtained an ex parte temporary restraining order to this effect at 4:22 p.m. on May 4, 2016, the same day it filed its Petition, and the state court set a hearing on a preliminary-injunction request for May 16, 2014, without any notice to Removing Defendants or their counsel, even though Plaintiff's counsel was in regular contact with the Trustee's counsel during the workout negotiations, which had been ongoing since 2014. Plaintiff's counsel did not even give informal notice of the Petition and the temporary restraining order to the Trustee's counsel until two days after the temporary restraining order was entered.

Having not been served with the Petition and the trial court's order and confronted with the scheduled May 16 hearing on short notice, the Trustee filed exceptions to the temporary restraining order and Plaintiff's request for a preliminary injunction. In view of the limited time available, the Trustee and Plaintiff later agreed to a consent judgment extending the temporary restraining order until June 10, 2016, and continuing the scheduled hearing on the preliminary-injunction request to that date to allow all parties to file all pleadings and have an opportunity to

respond to the issues raised.  The consent judgment expressly preserved all defenses, objections, and exceptions of the Trustee and the other defendants.  Other than these limited actions by the Trustee, the Removing Defendants have not taken any action in the state-court proceeding.

Removing Defendants now remove the action to this Court.

### 3.  Basis for Jurisdiction in this Court

The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a), because (1) the requisite diversity of citizenship exists between Plaintiff and the Removing Defendants, (2) the allegedly domestic defendants—Emerald Correctional Management, LLC, Waterproof Correctional, LLC, and the Tensas Parish Law Enforcement District—are improperly joined, and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### 4.  Citizenship of Plaintiff

Plaintiff, the Tensas Parish Sheriff's Office, is not a juridical person or legal entity with the capacity to sue or be sued.  *See Valentine v. Bonneville Ins. Co.,* 96-1382, p. 5 (La. 3/17/97), 691 So. 2d 665, 668 ("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff."); *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't,* 350 So. 2d 236, 238-39 (La. App. 3 Cir. 1977) ("The Parish Sheriff's Department is not a body of elected public officials who represent the state, a state agency or a political subdivision thereof [and] . . . is not a legal entity capable of suing and being sued."); *Declouette v. Louisiana,* No. 11-1211, 2013 U.S. Dist. LEXIS 143973, at *10 (W.D. La. Aug. 20, 2013) ("In Louisiana, correctional centers are not legal entities capable of suing or being sued.  The State of Louisiana has not granted juridical status to Calcasieu Parish Sheriff's Department nor to any parish sheriff's office.") (citation

omitted).  Therefore, the Tensas Parish Sheriff's Office is a fictional entity whose citizenship should be disregarded for purposes of diversity jurisdiction.  The real plaintiff in interest is the District, which, as noted below, is a citizen of Louisiana.

### 5.  Citizenship of Removing Defendants

(a) At the time the action was filed, UMB Bank, N.A. was, and still is, a national banking association formed and existing under U.S. federal law and with its principal place of business in the State of Missouri.  At the time that the action was commenced, UMB Bank, N.A. was not, and still is not, a citizen of the State of Louisiana.

(b)    At the time the action was filed, Pioneer Investment Management, Inc. was, and still is, a foreign corporation incorporated in the State of Delaware and with its principal place of business in the State of Massachusetts.  At the time that the action was commenced, Pioneer Investment Management, Inc. was not, and still is not, a citizen of the State of Louisiana.

(c)    At the time the action was filed, Lorna Gleason was, and still is, an individual whose citizenship is in the State of Minnesota.  At the time that the action was commenced, Lorna Gleason was not, and still is not, a citizen of the State of Louisiana.

(d)    At the time the action was filed, Jonathan M. Chirunga was, and still is, an individual whose citizenship is the State of Massachusetts.  At the time that the action was commenced, Jonathan M. Chirunga was not, and still is not, a citizen of the State of Louisiana.

### 6.  Co-Defendants Have Been Improperly Joined

Plaintiff's' Petition names as defendants Emerald Correctional Management, LLC, who is alleged to be a Louisiana limited liability company with its operations headquarters located in the Parish of Lafayette, State of Louisiana; Waterproof Correctional, LLC., who is alleged to be a Louisiana limited liability company with its operations headquarters located in the Parish of

Caddo, State of Louisiana; and the Tensas Parish Law Enforcement District, a statutorily created entity created and organized under the laws of the State of Louisiana.

For purposes of determining diversity jurisdiction, a limited liability company ("LLC") takes the citizenship of "all its members." *Pel-State Bulk Plant, LLC v. Unifirst Holdings, Inc.,* 14-265, 2015 U.S. Dist. LEXIS 18098, at *9-10 (M.D. La. Jan. 14, 2015), citing *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of an unincorporated association, such as a limited liability company, is determined by the citizenship of each of its members, not its principal office or registered agent."). Even though the members of the defendant LLCs are Louisiana residents, their citizenship is irrelevant and does not destroy complete diversity of citizenship in this case, because the alleged claims against non-diverse Emerald and Waterproof have no connection to the unrelated claims against the Removing Defendants and should be severed from them. Thus, Emerald and Waterproof have been improperly joined and/or fraudulently or egregiously misjoined, and their citizenship may be ignored. *See, e.g., Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995) (when the citizenship of the fraudulently joined party is disregarded, there is complete diversity of citizenship between the plaintiff and the remaining defendant).

As further explained below, plaintiff has also improperly joined the Tensas Parish Law Enforcement District as a defendant, The District has been improperly joined because Plaintiff has no possibility of recovery against it as a matter of law. Additionally, the Court can realign the District as a party plaintiff that is completely diverse from the Removing Defendants.

    (a)    Emerald and Waterproof Have Been Improperly Joined and/or Fraudulently or Egregiously Misjoined, and the Claims Against Them Should Be Severed From Those Against the Removing Defendants

Plaintiffs have improperly joined defendants Emerald and Waterproof. "[A] district court in its jurisdictional determination should consider whether misjoinder of a nondiverse party can defeat diversity jurisdiction." *Accardo v. Lafayette Ins. Co.*, 06-8568, 2007 U.S. Dist. LEXIS 6859, at *8 (E.D. La. January 30, 2007) (citing *In Re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002), *writ of mandamus denied,* 318 F.3d 626 (5th Cir. 2002)). The Fifth Circuit has adopted the rule that "fraudulent [improper] joinder can exist when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Accardo,* at *8.

Accordingly, where plaintiffs' claims against a non-diverse defendant have no connection to claims against a diverse defendant, the claims against the non-diverse defendant can be severed to preserve diversity jurisdiction. *See Savoie v. Safeco Ins. Co. of Am.*, 06-7808, 2007 U.S. Dist. LEXIS 101198, at *4 (E.D. La. Feb. 23, 2007) (holding that non-diverse defendant was improperly joined because claims were "wholly independent allegations of improper construction and repair," and "it cannot be said that these claims involve common questions of law or fact."); *Berthelot v. Boh Bros. Constr. Co., L.L.C.*, No. 05-4182, 2006 U.S. Dist. LEXIS 51603, at *37 (E.D. La. June 1, 2006) (holding that OLD was fraudulently or improperly joined because "the claims against OLD sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD.").

In determining whether a party has been improperly joined, courts consider whether joinder is appropriate under state law. *See, e.g. Plaquemines Parish v. Rozel Operating Co.*, No. 13-6722, 2015 U.S. Dist. LEXIS 10492 (E.D. La. Jan. 29, 2015). La. Code Civ. P. art. 463 prohibits joinder of multiple defendants, unless "[t]here is a community of interest between the parties joined." As the Official Revision Comments to this code article state, a "community of interest" does not exist except in "actions arising out of the same facts, or presenting the same factual and legal issues." *See* La. Code Civ. P. art. 463, cmt. c (citing *Gill v. City of Lake Charles*, 43 So. 897 (1907)). A community of interest cannot exist where the alleged liability "arose from different and independent relations and transactions." *Mundy v. Gentilly Oaks, Inc.*, 82 So. 2d 849, 853 (La. 1955) (finding cases improperly cumulated because certain parties "have no interest whatsoever" in personal demands against other parties). Cumulation of parties under La. Code Civ. P. art. 463 is only proper if there is sufficient "factual overlap." *Broussard v. Hilcorp Energy Co.*, 08-233, p. 10 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 953 (quoting *Albarado v. Union Pacific R.R. Co.*, 00-2540, p. 11 (La. App. 4 Cir. 4/25/01); 787 So. 2d 431, 438).

Here, the Tensas Parish Sheriff's Office has improperly cumulated claims against Waterproof and Emerald with separate and completely different claims against the Removing Defendants. The claims against Waterproof and Emerald allegedly arise out of (a) the Management Agreement between the Tensas Parish Law Enforcement District and Waterproof from 2001 to 2009, (b) the alleged Assumption Agreement executed by Emerald on December 29, 2008, whereby it assumed responsibility for a note previously executed by the Tensas Parish Law Enforcement District, and (c) those defendants' default and abandonment of their management of the facility on September 1, 2009. (Petition, ¶¶ 6-11). The Petition seeks

discrete damages from those defendants as a result of their acts during those years.  (*Id.* at ¶¶ 8-11).  Those claims against Waterproof and Emerald have nothing legally or factually to do with plaintiff's separate claims for different alleged damages and injunctive relief against the Removing Defendants allegedly arising out of a Trust Agreement dated September 1, 2011, the Deposit Account Control Agreement in 2014, and other alleged acts of the Removing Defendants in 2016.  (Petition, ¶¶ 12-27 and 29-38).  Plaintiff's action against the Removing Defendants arises from totally different contracts, independent relations, and transactions arising years later and shares no "community of interest" arising out of the same facts or presenting the same factual and legal issues as the claims against Waterproof and Emerald.

Although Plaintiff alleges in Paragraph 40 of the Petition that the defendants, other than the Tensas Parish Law Enforcement District, "should be held jointly and solidarily liable for the damages resulting from their unlawful and unconceivable actions pursuant to Louisiana Civil Code Article 2324," no basis for joint and solidary (*in solido*) liability exists between the Removing Defendants and any other defendants under the allegations of the Petition.  As La. Civ. Code art. 2324(A) provides, a person "who conspires with another person to commit an intentional or willful act is answerable, *in solido,* with that person, for the damage caused by such act."  Conversely, under La. Civ. Code art. 2324(B), "[i]f liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation," and "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person. . . ."

Here, Plaintiff's only allegation of conspiracy is against the Removing Defendants.  (Petition at ¶¶ 21-26).  The Petition contains no allegation including Waterproof and Emerald in

any purported "conspiracy" with the Removing Defendants to commit an intentional or willful act.  Further, besides seeking different damages from Waterproof and Emerald as a result of their alleged acts concerning different contracts that predated by years the claims against the Removing Defendants, the Petition seeks injunctive relief only against the Removing Defendants, not Waterproof and Emerald.  On its face, the Petition alleges no palpable factual or legal basis for connecting the claims against Emerald and Waterproof with those against the Removing Defendants.

For these reasons, Plaintiff's claims against the Removing Defendants, who are all diverse from Plaintiff, have been improperly joined and/or fraudulently or egregiously misjoined with the claims against the co-defendants Emerald and Waterproof.  Thus their citizenship may be disregarded for purposes of establishing the Court's diversity jurisdiction, and the claims against Emerald and Waterproof may be served and remanded to state court.

(b)     The Tensas Parish Law Enforcement District Has Been Improperly Joined and Should be Realigned as the Plaintiff

A nondiverse party is also improperly joined if the plaintiff is "unable 'to establish a cause of action against the non-diverse party in state court.'"  *Flagg v. Stryker Corp.,* No. 14-31169, 2016 U.S. Dist. App. LEXIS 5790, at *6 (5th Cir. Mar. 24, 2016) (*en banc*) (quoting *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).  "Thus, the test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.'"  *Id.*

Here, the Tensas Parish Sheriff's Office as Plaintiff is in effect attempting to sue itself, because the Sheriff is also Chief Executive Officer of the Tensas Parish Law Enforcement District.  *See Law Enforcement Dist. v. Avoyelles Parish Police Jury*, 98-996, p.6 n.1 (La. App. 3 Cir. 2/3/99), 736 So.2d 842, 845 and n.1.  ("For all practical purposes, the Law Enforcement

District of the Parish of Avoyelles is the Sheriff's Department of Avoyelles Parish."); *Parm v. Shumate*, 01-2624, 2006 U.S. Dist. LEXIS 64080, at *47 (W.D. La. Apr. 21, 2006) ("Therefore, a suit against Sheriff Shumate in his official capacity is actually a suit against the East Carroll Parish Law Enforcement District.").[1]

Under La. Civ. Code art. 1903, "[w]hen the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion." *See Doughty v. Insured Lloyds Ins. Co.*, 576 So.2d 461, 463 and n.5 (La. 1991) ("However, Mrs. Doughty is precluded from recovering if she in fact is suing herself."). *See also Albert v. Farm Bureau Ins. Co.*, 05-2496, p. 5 n.7 (La. 10/17/06), 940 So. 2d 620, 623 and n.7 (recognizing that the sheriff in his capacity as administrator of the sheriff's self-insurance program under La. R.S. 33:1448(F) "would essentially take the money from one pocket and put it in another, thereby extinguishing any obligation on the part of the sheriff by confusion."). Accordingly, the Sheriff's Office can state no claim against the District, because they are both essentially the same entity under the doctrine of confusion.

Taken at face value, the allegations in the Petition establish that the District is not a defendant, but rather the true plaintiff in this action. The crux of this case is an alleged breach-of-contract action against the Removing Defendants arising out of their agreements with the District, as well as related allegations of fraud, detrimental reliance, and unjust enrichment, all

---

[1] Under Louisiana law, the Tensas Parish Law Enforcement District is a statutorily created special district for the purpose of providing financing to the parish sheriff. *See* La. R.S. 13:5901. The elected sheriff of the parish is "*ex officio* the chief executive officer of the district." *Id.* Under La. R.S. 13:5904(A) and (B), the Law Enforcement District has the power to execute contracts, which are "legal, valid, and binding upon the district, including any subsequent *ex officio* chief executive officer of the law enforcement district. . . ." Although the Sheriff and ex officio tax collector "may purchase and equip such real property as is necessary in the performance of his duties, including but not limited to an adequate and safe jail," by statute "[t]he ownership of such real property shall be vested in the parish law enforcement district." *See* La. R.S. 13:5522(D) (formerly La. R.S. 33:1422(D)). *See also Cozzo v. Tangipahoa Parish Council-President Gov't.*, 279 F.3d 273, 283 (5th Cir. 2002) ("While the statutes provide for Louisiana sheriffs' use of the property, they do not similarly contemplate the sheriffs' holding an ownership interest in that property.").

allegedly to the detriment of the District.  *See* Petition at ¶¶ 12-21.  The allegations of coercion and fraud likewise concern the District and its purported reliance on the Removing Defendants' alleged promises.  *Id.* at ¶¶ 25-38.  The District, not the Sheriff's Office, has the sole right of action to assert these claims arising out of its contracts and dealings with the Removing Defendants and alleged payments concerning the facility.

This Court is permitted to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69, 69 S.Ct. 15, 17, 86 L.Ed. 47 (1941).  Parties who share the same "ultimate interests" in the outcome of the litigation can be realigned.  *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir.1984).  Courts have recognized realignment in looking at removal jurisdiction. *Mendoza v. Old Republic Ins. Co.*, 11-3040, 2012 U.S. Dist. LEXIS 78379, at *32-33 (E.D. La. June 6, 2012); *Hess v. Union Standard Ins. Co.*, No. 09-3789, 2009 U.S. Dist. LEXIS 133273 (E.D. La. Oct. 23, 2009).

The interwoven relationship between the Sheriff, the Sheriff's Office, and Law Enforcement District means that Tensas Parish Sheriff's Office has no possibility of recovery against the Tensas Parish Law Enforcement District, who is improperly joined.  The doctrine of confusion under La. Civ. Code art. 1903 extinguishes any claim for reimbursement by the Tensas Parish Sheriff's Office against the Tensas Parish Law Enforcement District.  The Court should either disregard the District as improperly joined or realign the District as a party plaintiff, who is completely diverse from the Removing Defendants.

### 7.  Amount in Controversy

It is facially apparent from the Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff seeks recovery of $262,450 from the

Tensas Parish Law Enforcement District, as well as additional allegedly substantial sums necessary to continue operating the facility housing hundreds of inmates and for the Sheriff's Office's alleged advancement of payroll and operating expenses to the District. *See* Petition for Damages at ¶¶ 8, 17-18, 27-32, and 37-39.

### 8. Consent of Co-Defendants is Not Required

Consent of the improperly joined non-diverse defendants is not required for removal. *See, e.g., Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993); *Walker v. Nabors Offshore Drilling, Inc.*, 91 F. Supp. 2d 907, 909 (E.D. La. 2000).

### 9. Removal is Timely

The Petition for Damages was filed on May 4, 2016. The Removing Defendants, with the exception of UMB, have only been served with the state court's rule to show cause on the preliminary injunction hearing, not with the citation on the Petition. UMB has not been formally served with the citation on the Petition or with the initial rule to show cause. Under 28 U.S.C. § 1446(b), 30 days are allowed for removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." The United States District Court for the Western District of Louisiana embraces Tensas Parish, where the state-court action was filed, and thus this case is properly and timely removed to this Court under 28 U.S.C. §§ 98(c), 1441(a) and (b), and 1446(b). As 28 U.S.C. § 1446(b) further requires, Removing Defendants are filing written notice of this removal with the clerk of the state court where the action was pending. Copies of the State Court Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

10.   Removal Without Waiver of Exceptions, Defenses, or Objections

This action is being removed without any waiver of any exception, defense, or objection, state or federal, including but not limited to insufficient process, insufficient service of process, insufficient citation, improper cumulation or joinder of claims or parties, improper venue, lack of amicable demand, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, lack of procedural capacity or capacity to sue, lack of standing, right of action, or status as the real party in interest, and vagueness.

11.   Pleadings and Process

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as **Exhibit "A."** All other process, pleadings, and orders served on the Removing Defendants are attached hereto as **Exhibit "B."**

12.   Filing Fee

The Removing Defendants file and present herewith the sum of $350, as required by this Court.

Respectfully submitted,

/s/ Peter J. Rotolo, III
E. Howell Crosby (#14959)
Peter J. Rotolo (#21848)
Amy L. Mcintire (#35241)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
Suite 2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile:  (504) 544-6089
*Attorneys for UMB Bank, N.A., Pioneer Investment Management, Inc., Lorna Gleason, and Jonathan M. Chirunga*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2016, a copy of the foregoing was hand delivered, telefaxed, and/or mailed by United States Postal Service to all counsel of record.

/s/      *Peter J. Rotolo*